**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HENRY ROMAN,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>ATLANTIC COUNTY JUSTICE FACILITY,<br><br>　　　　　　　Defendant. | Civil Action No. 24-1849 (KMW) (SAK)<br><br>**OPINION** |

**WILLIAMS, District Judge:**

This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff's complaint (ECF No. 1) and the Court's review of Plaintiff's application to proceed *in forma pauperis*. (ECF No. 1-1.) Having reviewed the application, this Court finds that leave to proceed *in forma pauperis* is warranted in this matter, and Plaintiff's application will be granted. Because Plaintiff will be granted *in forma pauperis* status in this matter, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed without prejudice for failure to state a claim for which relief may be granted.

**I.　BACKGROUND**

In his complaint, Plaintiff seeks to sue the Atlantic County Justice Facility, the county jail in which he is currently incarcerated as a criminal pre-trial detainee. (ECF No. 1 at 3-6.)

According to the complaint, Plaintiff has been in the jail for "over 3 months" and in that time has been subject to second-hand smoke from other inmates. (*Id.* at 5.) Plaintiff alleges that he has complained about the issue, but it has not been resolved, though he does not identify any specific employee to whom he brought his complaint. (*Id.*) The jail is the only Defendant named in this matter. (*Id.*)

II.     **LEGAL STANDARD**

Because Plaintiff will be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]'

2

devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III.   DISCUSSION

In his complaint, Plaintiff seeks to bring a civil rights claim based on his conditions of confinement against the Atlantic County Justice Facility. A county jail such as the Facility, however, is not a person subject to suit under 42 U.S.C. § 1983. *See Harris v. Hudson Cnty. Jail*, No. 14-6284, 2015 WL 1607703, at *5 (D.N.J. April 8, 2015). As the sole named Defendant in this matter is not a person subject to suit under the statute, Plaintiff's complaint must be dismissed without prejudice at this time. *Id.*

The Court further notes that mere exposure to second hand smoke is not sufficient to state a claim for relief under the Fourteenth Amendment for a pretrial detainee in any event. *See, e.g., Ford v. Mercer Cnty. Corr. Ctr.*, 171 F. App'x 416, 420-22 (2006). To proceed on such a claim, a Plaintiff would generally need to plead facts which, if proven, would show that he was exposed to an unreasonable level of smoke sufficient to amount to a serious risk of harm to the plaintiff

3

which would constitute improper punishment and that a properly named Defendant – i.e., prison guards and officials – knew of and were deliberately indifferent to the risk of harm posed by the unreasonable levels of smoke. *Id.* at 421-22. Plaintiff's complaint, which neither names a proper defendant nor provides details as to the levels of smoke or any particular prison official's knowledge of the conditions, would thus need to be dismissed for failure to state a claim for which relief may be granted at this time even had he named a proper defendant.

## IV. CONCLUSION

For the reasons expressed above, Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-1) shall be **GRANTED**, Plaintiff's complaint (ECF No. 1) shall be **DISMISSED WITHOUT PREJUDICE**. Plaintiff is granted leave to file an amended complaint within thirty days. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge